WHITE, Immigration Com'r, v. TAM SEN.

(Circuit Court of Appeals, Ninth Circuit.   July 1, 1918.)

No. 3124.

ALIENS ⊜⟶32(13)—JURISDICTION—IMMIGRATION PROCEEDINGS.

Where S., applying for admission as native-born citizen of United States, produced, when examined under Chinese Exclusion Acts, certified copy of court discharge in habeas corpus, and commissioner of immigration denied admission upon sole ground that applicant was not person described in court discharge, United States District Court had jurisdiction to adjudicate the matter of identity; decision of immigration authorities not precluding such inquiry.

Appeal from the District Court of the United States for the First Division of the Northern District of California; Maurice T. Dooling, Judge.

Proceedings by Tam Sen against Edward White, as Commissioner of Immigration at the Port of San Francisco, Cal.   Decision in favor of the former, and the latter appeals.   Affirmed.

John W. Preston, U. S. Atty., and Casper A. Ornbaun, Asst. U. S. Atty., both of San Francisco, Cal., for appellant.

George A. McGowan, of San Francisco, Cal., for appellee.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

HUNT, Circuit Judge.   Under the name Tam Sen, appellee arrived in San Francisco on the steamer Costa Rica February 15, 1917, and applied for admission as a native-born citizen of the United States. After examination under the general immigration laws he was found admissible.   He was then examined under the Chinese Exclusion Acts, where he provided a certified copy of a court discharge issued to Tam Sen in a proceeding, No. 6411, before the United States District Court for the Northern District of California upon December 17, 1888.   The commissioner of immigration for the port of San Francisco denied admission upon the sole ground that appellee was not the Tam Sen described in the court record No. 6411.

The principal point is: Did the District Court have jurisdiction in this proceeding to determine the identity of the person to whom the proceedings, entitled "In the Matter of Tam Sen on Habeas Corpus," No. 6411, had in 1888 applied?   The position taken by counsel for the government is that whether appellee is the identical person referred to in the District Court proceedings had in 1888 was one for determination after hearing by the proper immigration authorities, and that, the matter having been decided by such authorities, the courts have no power to adjudicate in the premises.   Of course, it is thoroughly well established in general that in respect to persons of Chinese descent asking admission the decision of the executive officers is final, "whatever the ground on which the right to enter the United States is claimed, as well when it is citizenship as when it is domicile, and the be-

---

⊜⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

longing to a class excepted from the exclusion acts." United States v. Ju Toy, 198 U. S. 253, 25 Sup. Ct. 644, 49 L. Ed. 1040.

But the exact point involved upon this appeal is to be distinguished, in that the question herein was not as an original matter whether appellant was a citizen or otherwise entitled to enter the United States, but solely whether he is the identical person, Tam Sen, named in the judicial record which he produced, and whose right to enter had been judicially determined nearly 30 years ago by the same court in which the present proceeding was pending. Within this confined issue the parol evidence which appellee offered in connection with the court record was admitted for the purpose of establishing the identity of the individual named in the record produced with the person named in the habeas corpus proceeding before the court. The course taken by appellee was because the action of the executive officers made it necessary for him to show that the former court record had direct relation to the present proceeding, in that the person who, by such former decision, had been held to be illegally detained, was the identical person complaining that he was now unlawfully detained.

Notwithstanding the fact that the executive officers held that there was lack of identity, we believe the court has the power to hear and determine such an issue, to the end that it may protect a person in the enjoyment of his previously legally established right to be in the United States. United States v. Chin Len, 187 Fed. 544, 109 C. C. A. 310. The question of the identity of appellant may have been—doubtless was—properly first for consideration and determination by the executive officers, but in our opinion their decision did not preclude inquiry by the judicial power into the applicability of the court record to the person claiming to be affected thereby.

Upon the merits of the matter there was a difference in the opinions among those who testified before the court and the immigration officers; but the learned judge of the District Court, after hearing and observing the witnesses and hearing in detail the story of the petitioner, was "thoroughly satisfied" that the immigration officers had made a mistake, and that petitioner is the man whose rights had been adjudged in the former proceeding. We are impressed by the belief that the question of identity was justiciable, and that the correct result was reached.

Affirmed.